Pulaski County *v.* Price.

4-7076                                        171 S. W. 2d 296

Opinion delivered May 17, 1943.

*Sam Robinson* and *Howard Cockrill,* for appellant.

*John F. Park,* for appellee.

HOLT, J.    Appellee, Edward B. Price, on November 14, 1941, filed his claim with the county court of Pulaski county for services alleged to have been rendered as an extra helper in the office of the tax collector of Pulaski county for 1939 and 1940.    He itemized his claim as salary due from January 1, 1939, through December 31, 1939, $1,680; salary paid to him for this period, $1,300, leaving a balance claimed to be due for 1939 of $380.

Salary due from January 1, 1940, through December 31, 1940, $1,680; salary paid to him for this 12 months period $1,347.71, leaving a balance claimed to be due of

$332.29, or a total claimed by appellee to be due for the years 1939 and 1940 of $712.29. The claim was based upon the provisions of Act 275 of the Acts of the Legislature of 1933.

The Pulaski County Court, on December 17, 1941, made and entered an order disallowing the claim. Appellee appealed from the judgment of the county court to the Pulaski circuit court, second division, and the claim was, by agreement, submitted to the court on the following stipulation of facts: "It is stipulated that petitioner was employed as deputy collector in the sheriff and collector's office through the years 1939 and 1940; that he was paid the sum of $25 per week; that the regular deputy collectors provided for in Act 275 of the Acts of 1933 were employed at all times during the term of petitioner's employment and petitioner was working as extra help. Petitioner did the same work and had the same duties as a regular appointed deputy collector; that the emoluments of the sheriff and collector's office for the years 1939 and 1940 were more than sufficient to pay the salaries and expenses of the office of sheriff and collector of Pulaski county as required by Act 275 of 1933; that the salary of the petitioner was paid from the County Judge's contingent fund; that petitioner was paid weekly upon a claim approved by the County Judge; that petitioner was employed as extra deputy collector by the sheriff and collector of Pulaski county, Arkansas, and the amount of his salary determined and paid by the Judge of Pulaski county."

"It is stipulated and agreed that § 19 of Act 275 of the Acts of 1933 is the pertinent statute applicable to the petitioner's employment; that no finding was made by the County Court of Pulaski county finding that petitioner's employment was necessary. No prior special appropriation was made by the county levying court to pay the expenses incident to petitioner's employment."

On October 9, 1942, the Circuit Court found that appellee was entitled, under Act 275, *supra,* to be paid at the rate of $1,680 per year, and that the county court

was without authority to pay to appellee any lesser amount, or $25 per week; that appellee's employment as an extra helper was restricted under § 19 of the act to a period of not more than six months in any one year, and that he was entitled to recover for the first six months of 1939 $190, which was the difference between $650, the amount paid, and $840, one-half of $1,680; and likewise that appellee was entitled to recover $190 for 1940, or a total of $380, and accordingly entered judgment for appellee for this latter amount.

From this judgment, Pulaski county has appealed, and appellee prosecutes a cross-appeal from that part of the judgment limiting his pay for services to six months during 1939 and 1940.

Appellant says "the only legal question for this court to determine is whether an extra clerical assistant employed by the county without authority of law is entitled to recover the salary paid the regular staff."

Edward B. Price, as appellee and cross-appellant, says: "It is our contention that cross-appellant's employment was authorized and cannot now be questioned and the county is bound by law to pay him the salary provided for in §§ 3 and 5 of the Act; that Act 275 of 1933 specifically provides for the employment of extra assistants in the deputy collector's office and definitely fixes the amount of salary to be paid in such cases; that the county judge, or any other person, board or agency had no authority to fix the salary of cross-appellant at any sum less, or greater, than the salary fixed by the Legislature for such services in said Act; that an appropriation for the payment of his salary is not binding or necessary; and that public officers' compensation is fixed by law, and no contract or agreement to receive more or less is binding.

Under the stipulation, *supra*, the regular deputy collectors provided for in Act 275, *supra* (six in number), were employed and working during the two years that appellee worked as an extra helper. The stipulation also provides that "no finding was made by the county court

of Pulaski county finding that petitioner's employment was necessary, and no prior special appropriation was made by the County Levying Court to pay the expenses incident to petitioner's employment.''

The latter part of § 19 of Act 275 provides: ''The several county collectors may employ for tax collecting purposes, and the respective other county officers may employ for emergency purposes, such clerical assistance, in addition to that fixed by this Act, as may from time to time respectively be found by the respective county courts to be necessary, but only upon, and within the amounts of, prior special appropriations for the expenses thereof by the respective levying courts in regular or special session, and only for periods limited respectively to the said tax collections or emergencies and not to exceed six months in any year, without additional such appropriations.''

On the admitted facts presented, we think this section is controlling here. This section, by its plain and unambiguous terms, provides the conditions under which, and the methods by which, extra help may be employed in the county collector's office. Under its provisions, after the county court has first determined that additional clerical help, or assistance, in addition to the six regular deputies provided for by the act, was necessary, then such extra help may be employed by the county collector ''but only upon, and within the amount of, prior special appropriations for the expense thereof by the respective levying courts in regular or special sessions.''

It is conceded here that no necessity for the employment of appellee as an extra helper was determined and reported to the levying court by the county court and that ''no prior special appropriation was made by the County Levying Court to pay the expenses incident to petitioner's employment'' in any regular or special session held by the levying court.

We hold that this provision requiring the levying court first to make the necessary appropriation to cover the salary of appellee, as an extra helper, was mandatory

and that his employment in the circumstances here was clearly unlawful and in violation of the Act, *supra,* and the county collector was without authority to employ him, and appellee's claim against Pulaski county can not be sustained. If we were to assume that the necessity for appellee's employment existed and appeared from the fact of employment,—and it does appear that he performed the services that were being performed by a regular deputy collector efficiently and in a most satisfactory manner and was paid out of what was termed the "Contingent Fund,"—this does not change the result. Just how the so-called Contingent Fund originated, its purpose, and how provided, does not appear from the record before us.

We think it apparent, under the above § 19, that the Legislature intended to provide, and did provide, the method by which the collector should employ extra help in a business-like manner, and that before extra help, in addition to the six regular deputy collectors provided for in Act 275 could be employed, the necessity for such employment should first be reported to the levying court, composed as it was of the justices of the peace of Pulaski county, for its approval, and then the necessary appropriation would have to be made by it for that specific purpose.

This method was not followed in the instant case. To hold that the directions provided in § 19, *supra,* were not mandatory and should not be followed literally would, we think, open wide the door to a county collector, when a county court thought it necessary, to employ any number of extra helpers at will. Accordingly, the judgment is reversed and the cause remanded on the direct appeal with directions to deny appellee's claim. On cross-appeal the judgment is affirmed.

McHANEY, J., dissents.

The Chief Justice concurs in the result, but not in the reasons given.